U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2019 APR 29 P 2: 10
STEPHEN C. DRIES
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Lavall T. Lee,
    Plaintiff,
V.

Armor Correctional Health Services,
4960 S.W. 72nd Ave.; Miami, FL 33155 and
Nursing Supervisor Brittany,
949 N. 9th Street; Milwaukee, WI 53233
    Defendants.

Case Number: **19-C-0614**

## A. PARTIES

The Plaintiff, Lavall T. Lee is a citizen in the state of Wisconsin and is located at Racine Correctional Institution; 2019 Wisconsin Street; Sturtevant, WI 53177.

The Defendant, Armor Correctional Health Services is contracted to provide medical services to inmates housed in The Milwaukee County Jail and is located at 4960 S.W. 72nd Avenue #400; Miami, FL 33155.

The Defendant, Nursing Supervisor Brittany is employed by Armor Correctional Health Services through the Milwaukee County Jail located at 949 N. 9th Street; Milwaukee, WI 53233.

## B. STATEMENT OF CLAIM

The Plaintiff, Lavall T. Lee is an inmate at Racine Correctional Institution in Sturtevant, Wisconsin. He was taken into custody at the Milwaukee County Jail on Jan. 03, 2018 and he was held there until Dec. 11, 2018. The sole medical provider who was responsible for the Assessment, Evaluation, Diagnosis and Treatment of any adverse medical condition that the Plaintiff experienced was Armor Correctional Health Services.

While housed at the Milwaukee County Jail, Armor Correctional Health Services along with Nursing Supervisor Brittany violated the Plaintiff's constitutional rights not to be subjected to cruel and unusual

punishment. They treated him with Deliberate Indifference and the lack of medical care rose to the level of Medical Negligence Pursuant to ***Wilson v. Seiter 501 U.S. at 297 and Estelle v. Gamble 429 U.S. 97.***

On April 03, 2018, The Plaintiff began complaining of severe stomach pains, coughing up blood and blood in his stool via a request for medical services form that is required by the jail. He was charged $20 for medical co-payment and given Tylenol.

On April 15, 2018, The Plaintiff continued to complain of the above-mentioned conditions verbally and by way of request for medical services form. He was charged another $20 for co-payment but, nothing was done to determine the cause of his conditions.

On April 16, 2018, The Plaintiff submitted a 3rd request for medical services for these same yet more severe conditions. He was charged a 3rd $20 co-payment. He wasn't seen until 8 days later on 04/24/18 and then he was only triaged having his temperature and blood pressure taken.

On May 07, 2018, The Plaintiff filed the first of several inmate grievances (# 18-000836), complaining that he was being denied adequate medical treatment and appropriate procedures were not being followed to Assess and Evaluate his condition. The Plaintiff's grievance was forwarded to medical records for documentation purposes and a disposition of "CORRECTED" was attached. However, he was not examined by the Nurse Practitioner or the Doctor per policy and procedure.

On May 14th, 22nd, & 26th 2018, The Plaintiff submitted a 4th, 5th, & 6th request for medical services. He was charged $20 medical co-payment for each request and triaged by a nurse. But, the primary issue that he complained about was not addressed.

On June 18, 2018, The Plaintiff filed another grievance (# 18-001176); complaining that he is taking medication that was given to him by medical staff but it is not working. The Plaintiff's grievance was forwarded to medical for a response. Nursing Supervisor Brittany deemed it unfounded because she says that the Plaintiff refused medication on May 16, 2018. Please be advised that the medication that the Plaintiff refused was for

blood pressure control and had absolutely nothing to do with his chief complaint.

On August 13, 2018, The Plaintiff filed a 7th request for medical services for the same issues and was again charged a $20 co-payment. It should be noted that the $20 medical co-payment should not be charged for follow-up of the same initial issue. This time the Plaintiff was finally scheduled to see a doctor.

On August 24, 2018 The Plaintiff had a medical emergency and verbally alerted Correctional Officer Hebbe. When C/O Hebbe saw all the blood and noticed that the Plaintiff could barely move. She called in a medical emergency to the health services department by way of telephone. After no medical staff responded, she called the medical emergency via radio to no avail. Eventually, Nursing Supervisor Brittany contacted C/O Hebbe on the jail phone and stated that she knows about the medical emergency situation with the Plaintiff but, she could not give a medical emergency order because there is nothing that she could do for the plaintiff. The Plaintiff immediately submitted an Inmate grievance for this treatment of deliberate indifference.

On September 05, 2018, The Plaintiff was seen by a Doctor and diagnosed with being infected with the H. pylori bacteria in his gastro-intestinal tract which causes a condition known as Duodenitis. The Plaintiff was also diagnosed with a disease called Diverticulitis which is the result of allowing a condition called Diverticulosis to go untreated for an extended period of time. The treating physician advised the Plaintiff that both of these diseases could have been avoided if he would have been diagnosed a lot sooner and treated. The Plaintiff was further diagnosed with Gastritis and Internal Hemorrhoids. All of these diseases and conditions caused a considerable amount of pain and suffering for the plaintiff.

The Plaintiff has established within this statement both the "Objective Component" of the Defendants' wanton and unnecessary infliction of pain by forcing the plaintiff to endure pain and suffering for several months and the "Subjective Component" of the Defendants acting

with deliberate indifference in their medical negligence and reckless behavior of failing to provide medical care for the plaintiff.

## C. JURISDICTION

The Plaintiff is suing for a violation of federal law under 28 U.S.C. § 1331. A Violation of the Plaintiff's rights not to be treated with cruel and unusual punishment that is afforded to him in the 8th amendment of the United States Constitution.

## D. RELIEF WANTED

The Plaintiff is asking for Declaratory and monetary relief for Compensatory damages in the amount of $500,000 and Declaratory and monetary relief for Punitive damages in the amount of $500,000 from each Defendant.

## E. JURY DEMAND

The Plaintiff wants a jury to hear his case.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 25 day of April 2019.

Respectfully Submitted,

*[signature]*

Lavall T. Lee, #313650
Racine Correctional Institution
P.O. Box 900
Sturtevant, WI 53177-0900