UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAVALL T. LEE,

          Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH SERVICES, NURSING SUPERVISOR BRITTANY, and MILWAUKEE COUNTY,

          Defendants.

Case No. 19-CV-614-JPS

**ORDER**

      Plaintiff Lavall T. Lee ("Lee"), who is incarcerated at Racine Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants Armor Correctional Health Services ("Armor") and a nursing supervisor at the Milwaukee County Jail (the "Jail") named Brittany ("Brittany") violated his constitutional rights while he was incarcerated at the Jail in 2018. (Docket #1). Plaintiff subsequently filed a motion to amend his complaint and a proposed amended complaint that adds Milwaukee County as a Defendant. (Docket #5 and #5-1). The motion to amend will be granted. The amended complaint supersedes the first complaint and is the governing pleading in this case. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Lee has paid the full filing fee.

      Regardless of the payment of a filing fee, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550

U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Lee alleges that he was in custody at the Jail from January 3 to December 11, 2018. (Docket #5-1 at 3). On April 3, 2018, Lee began complaining of severe stomach pain, coughing up blood, and having blood in his stool. *Id.* He was charged $20 for a medical "co-payment" and given Tylenol. *Id.* On April 15, he complained of the same conditions, verbally and by way of a written request. *Id.* at 4. He was charged another $20 co-payment but nothing was done to determine the cause of his illness. *Id.* On April 16, Lee submitted a third request for medical services for the same

symptoms, which had now become more severe. *Id.* at 4. On April 24, he was seen by health services staff; he was "triaged" and his temperature and blood pressure were taken. *Id.*

On May 7, Lee filed the first of several inmate grievances, complaining that he was being denied adequate medical treatment. *Id.* His grievance was forwarded to medical records for documentation and a disposition of "CORRECTED" was attached. *Id.* However, Lee was not examined by a nurse practitioner or a doctor. *Id.*

On May 14, 22, and 26, Lee submitted additional requests for medical services. *Id.* He was charged $20 for each request and was triaged by a nurse, but he says the "primary issue" that he complained about was not addressed. *Id.*

On June 18, Lee filed another grievance, complaining that he was taking medication that was given to him by medical staff but that the medication was not working (Lee does not say when or from whom he received this medication). *Id.* Lee's grievance was forwarded to the health services staff for a response. *Id.* Brittany, a nursing supervisor at the Jail, deemed the grievance "unfounded" because Lee had refused medication on May 16, 2018. *Id.* Lee maintains that the medication he refused was for blood pressure control and had "absolutely nothing to do with his chief complaint." *Id.*

On August 13, Lee filed another request for medical care for the same issues, was charged $20, and was scheduled to see a doctor. *Id.* On August 24, before his scheduled doctor's appointment, Lee had a "medical emergency" and verbally alerted Correctional Officer Hebbe ("Hebbe"). *Id.* at 5. Lee says he was bleeding and could barely move, and at that point Hebbe called health services. *Id.* After no medical staff responded, Hebbe

called over the radio to announce the medical emergency, but still no one came. *Id.* Eventually, Brittany contacted Hebbe on the jail phone and said she knew about the situation with Lee but she could not give a medical emergency order because there was nothing she could do for Lee. *Id.* Lee says he immediately submitted a grievance for this conduct. *Id.* He does not say how his medical emergency resolved that day.

On September 5, Lee was seen by a doctor and was diagnosed with an H. pylori bacterial infection in his gastrointestinal tract, which causes a condition known as duodenitis. *Id.* He was also diagnosed with diverticulitis, gastritis, and internal hemorrhoids. *Id.* The treating doctor advised Lee that these problems could have been avoided if he would have been diagnosed and treated sooner. *Id.* Lee alleges that all of these conditions cause him a considerable amount of pain and suffering. *Id.*

Lee's amended complaint crosses the low threshold set at screening to state a claim for deliberate indifference to his serious medical need, in violation of the Eighth Amendment, against the nursing supervisor, Brittany. To sustain such a claim, a plaintiff must show: (1) an objectively serious medical condition; (2) that the defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Here, Lee alleges that Brittany was repeatedly made aware of his increasingly serious symptoms and did nothing to meaningfully address them, leading to his contraction of several gastrointestinal illnesses. These allegations are sufficient to state a claim under the Eighth Amendment.

Lee will not be permitted to proceed against Armor, the medical services provider with which the Jail contracted during the time of Lee's incarceration, or Milwaukee County. Under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (1978), municipalities and other local governments are liable for an employee's conduct only if the employee injured the plaintiff in execution of an official policy, custom, or widespread practice. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 122 (1992); *Petty v. City of Chi.,* 754 F.3d 416, 424 (7th Cir. 2014). The "official policy or practice" requirement serves to "distinguish acts of the municipality from acts of [its] employees . . . and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Grieveson v. Anderson,* 538 F.3d 763, 771 (7th Cir. 2008) (internal quotations and citations omitted). "Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh,* 762 F.3d 617, 640 (7th Cir. 2014) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 675 (7th Cir. 2012)).

Therefore, to maintain a Section 1983 claim against a municipal entity, the plaintiff must first identify a "policy or custom" attributable to governmental policymakers. *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691–94). A "policy or custom" may take one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quotation omitted). The plaintiff must also demonstrate "the requisite causation," which means that

"the policy or custom was the 'moving force' behind [his] constitutional deprivation." *Id.*

Lee has not alleged that either Armor or Milwaukee County has an express policy that compels health services providers at the Jail to ignore inmates' medical needs; indeed, he does not allege that Brittany or any other medical provider acted in accordance with, or contravention of, any policy at all. He also has not alleged that Armor or Milwaukee County has a widespread practice of ignoring inmates' medical emergencies; he only makes allegations about his individual experience. Finally, Lee also does not allege that any person with final policymaking authority actually caused his injury. He has not stated a claim under *Monell* against Armor or Milwaukee County.

For the foregoing reasons, Lee will be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Brittany, the nursing supervisor at the Milwaukee County Jail. 28 U.S.C. § 1915A(b). Armor and Milwaukee County will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Armor Correctional Health Services and Milwaukee County be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between Milwaukee County and this Court, a copy of the amended complaint and this Order have been electronically transmitted to

Milwaukee County for service on Defendant Brittany, the nursing supervisor at the Milwaukee County Jail;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement, Defendant Brittany shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge