# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LAVALL T. LEE,

Plaintiff,

v.                                                          Case No. 19-CV-614-JPS

NURSE BRITTANY,                                             **ORDER**

Defendant.

On November 26, 2019, Plaintiff filed two motions, one seeking reconsideration of the Court's November 15, 2019 screening order and the other requesting appointed counsel. (Docket #11 and #12). For the reasons that follow, both will be denied.

In his motion for reconsideration, Plaintiff asks that the Court reinstate two defendants who were dismissed upon screening of Plaintiff's original complaint—Armor Correctional Health Services ("Armor") and Milwaukee County. (Docket #11). Though not cited in the motion, this appears to be a request for relief pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). That rule offers relief from a court's order or judgment if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chi.*, 97 Fed. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chi.*, 443 F.3d 542, 546 (7th Cir. 2006).

Plaintiff does not argue any of the first five grounds, so the Court is limited to analyzing the sixth "catch-all" provision.

The Court finds no exceptional circumstances upon which to grant the extraordinary relief afforded by FRCP 60(b). The Court dismissed Armor and Milwaukee County from Plaintiff's original complaint because Plaintiff had not alleged that he suffered a constitutional injury that was caused by a practice or policy of Armor or Milwaukee County. (Docket #9 at 6–7). Nothing in Plaintiff's motion upsets the Court's conclusion. While Plaintiff is correct that his *Monell* claim is not subject to heightened pleading standards, *see Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997), his allegations do not even meet the low bar of notice pleading to state a claim against Armor or Milwaukee County. This case will go forward without those entities as defendants. Plaintiff can raise the issue of their dismissal on appeal once this case has concluded.

Next, Plaintiff asks that the Court appoint a lawyer for him. (Docket #12). He states, with no evidence to support his statements, that he cannot afford to hire a lawyer, that being imprisoned will limit his ability to litigate this case, that the issues in this case are complex, and that a trial in this case will likely involve medical experts. *Id.* at 1–2.

As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655

(7th Cir. 2007) (en banc)). The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

Here, Plaintiff has not indicated, much less shown with proof, that he has attempted to secure a lawyer himself. The Court expects a *pro se* litigant to seek representation from at least three lawyers who practice in a relevant area of law before coming to this Court asking for appointed counsel. It does not appear Plaintiff has contacted a single lawyer about his case. For this reason alone, Plaintiff's motion must be denied.

Next, Plaintiff does not claim to be incompetent. Although he anticipates that litigating a medical deliberate indifference claim will be difficult, he does not provide a reason, other than reasons common to all incarcerated people, why he is particularly ill-suited to litigate his case. Plaintiff's lack of legal training and his limited access to resources in prison, while unfortunate, bring him in line with practically every other prisoner litigating in this Court. District courts cannot be expected to appoint counsel in circumstances which are common to all or many prisoners. *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d 647, 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014). Doing so

would place untenable burdens on court resources. It would also turn the discretion of Section 1915(e)(2) on its head, making appointment of counsel the rule rather than the exception. Further, Plaintiff has thus far demonstrated competence in the litigation process. If his worries about his capabilities in later stages of this case come to fruition, he can re-file a motion asking the Court to consider appointing counsel for him at that time.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #11) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #12) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge