UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAVALL T. LEE,

    Plaintiff,

    v.              Case No. 19-C-614

NURSE BRITTANY,

    Defendant.

**ORDER**

  Plaintiff Lavall Lee, who is currently incarcerated at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On November 15, 2019, Judge J.P. Stadtmueller screened Plaintiff's amended complaint and allowed Plaintiff to proceed on a claim of deliberate indifference against Nurse Brittany, the nursing supervisor at the Milwaukee County Jail, but dismissed Defendants Armor Correctional Health Services and Milwaukee County from this action. The case was reassigned to this court on February 11, 2020.

  The court notes that Defendants Armor Correctional Health Services and Milwaukee County were dismissed for legal reasons that were unrelated to the judge's recusal. More specifically, the complaint failed to allege the existence of a policy or custom sufficient to establish a claim for liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). The case is proceeding against one named defendant, Nurse Brittany. Because that defendant is not employed by the county, the county refused to accept service under the Memorandum of Understanding between Milwaukee County and the court. The court directs

the United States Marshal to serve a copy of the amended complaint, the November 15, 2019 screening order, and this order upon Defendant Nurse Brittany, last name unknown, who is or was employed by Armor Correctional Health Services, pursuant to Federal Rule of Civil Procedure 4. For further assistance in serving the defendant, the court notes that Armor Correctional Health Services is represented by John J. Reid of Cassiday Schade LLP. Finally, because the defendant was not served, Plaintiff's motion for default judgment must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the November 15, 2019 screening order, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint within the time required by the Federal Rules of Civil Procedure.

Dated at Green Bay, Wisconsin this 12th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
