LAVALL T. LEE,

        Plaintiff,

       v.                                        Case No. 19-C-614

NURSE BRITTANY,
MILWAUKEE COUNTY JAIL, and
ARMOR CORRECTIONAL HEALTH SERVICES,

        Defendants.

## ORDER

       Plaintiff Lavall Lee, who is currently incarcerated at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff's case was reassigned to this court on February 11, 2020. On May 7, 2020, Plaintiff filed a motion for leave to amend his complaint. The court will grant Plaintiff's motion to file an amended complaint. This matter comes before the court for screening Plaintiff's amended complaint and on his motion for default judgment.

### SCREENING OF THE AMENDED COMPLAINT

       The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff was housed at Milwaukee County Jail for a period of time between January and December 2018. On April 3, 2018, Plaintiff alleges he completed a medical services request form, as required by the jail, to complain he was coughing up blood, had blood in his stool, and had severe stomach pains. He was given Tylenol and charged a $20 medical co-payment. On April 15, 2018, Plaintiff again complained of the same symptoms—both verbally and through another medical services request form. He claims he was charged another $20 co-payment, but did not receive treatment to determine what caused his condition. On April 16, 2018, Plaintiff completed a third medical request form, noting his condition had become more severe. He was again charged

2

a $20 co-payment, but did not receive treatment until April 24, 2018, when only his blood pressure and temperature were taken.

Plaintiff proceeded to file an inmate grievance on May 7, 2018, claiming he was denied adequate medical treatment. Per policy and procedure, Plaintiff claims his grievance should have—but did not—result in Plaintiff being examined by a nurse practitioner or a doctor. Plaintiff then submitted three more requests for medical services, on May 14, 22, and 26, 2018. Each time he was seen by a nurse and charged a $20 co-payment, but alleges his primary medical complaints were ignored.

Plaintiff filed another inmate grievance on June 18, 2018. It was reviewed by Nurse Brittany, who deemed it "unfounded" because Plaintiff refused medication. Plaintiff, however, alleges this medication was for his blood pressure and unrelated to the symptoms that were causing his repeated requests for treatment. Plaintiff filed a seventh medical request on August 13, 2018. He was charged a $20 co-payment and scheduled to see a doctor.

Plaintiff suffered a medical emergency on August 24, 2018. Correctional Officer Hebbe saw Plaintiff bleeding and unable to move; she notified health services, but no one responded. At some point later, Nurse Brittany told Hebbe that she was aware of Plaintiff's medical emergency, but there was nothing she could do for Plaintiff. Plaintiff proceeded to file an inmate grievance.

On September 5, 2018, a doctor diagnosed Plaintiff: his gastrointestinal tract was infected with H. pylori bacteria, which caused duodenitis. Plaintiff was also diagnosed with diverticulitis. Plaintiff claims the doctor said these conditions could have been avoided if he was treated earlier. The doctor also diagnosed Plaintiff with gastritis and internal hemorrhoids.

Based on these allegations, Plaintiff has asserted claims for violations of his constitutional rights against Nurse Brittany [last name unknown], the Milwaukee Jail, and Armor Correctional

Health Services (ACHS), a private corporation that provides health care to jail inmates under a contract with the County.

## THE COURT'S ANALYSIS

*Estelle v. Gamble* held that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. 429 U.S. 97, 104–05 (1976). A claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Plaintiff has been allowed to proceed on his claim that Nurse Brittany was deliberately indifferent to his serious medical condition. *See* Dkt. Nos. 22, 42. At issue in Plaintiff's amended complaint is whether he has stated a claim against the Milwaukee County Jail, ACHS, or both.

The claim against the Milwaukee County Jail is actually a claim against the County, since the jail is not a separate legal entity. To allege that Milwaukee County or ACHS, a private corporation, is liable for the conduct of prison officials under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), Plaintiff must show "that the entity's official policy, widespread custom, or action by an official with policy-making authority was the 'moving force' behind his constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (quoting *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)); *see also Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). Although Armor Correctional Health Services is a private corporation, it is treated the same as a municipality for purposes of assessing a *Monell* violation due to its alleged role as a health care provider at the jail. *See Rodriguez v. Plymouth*, 577 F.3d 816, 827 (7th Cir. 2009) ("When a party enters into a contractual relationship with the state penal institution to provide specific medical services to inmates, it is undertaking freely, and for

4

consideration, responsibility for a specific portion of the state's overall obligation to provide medical care for incarcerated persons. In such a circumstance, the provider has assumed freely the same liability as the state.")

Here, Plaintiff alleges that the defendants repeatedly failed to provide adequate treatment despite Plaintiff's seven medical requests and several inmate grievances. When the medical emergency occurred, both Nurse Brittany and Officer Hebbe recognized Plaintiff's need for more immediate treatment, but stated there was nothing they could do, raising at least an inference that the problem was a systemic problem at the jail and within ACHS, in other words, a policy failure, that caused his constitutional rights to be violated. This is sufficient, at least at the pleading stage, for Plaintiff to proceed on a *Monell* claim against Milwaukee County Jail and ACHS based on an alleged pattern of inaction that led to his injuries.

As noted above, the court has already allowed Plaintiff to proceed on his deliberate indifference claim against Nurse Brittany. *See* Dkt. Nos. 22, 42. That conclusion is not changed by Plaintiff's amended complaint. After filing his amended complaint, however, Plaintiff has filed a second motion for default judgment against Nurse Brittany. After its attempt to serve Nurse Britany by mail was unsuccessful, the court recently directed the U.S. Marshals Service to take additional, reasonable efforts to identify Nurse Brittany and personally effect service. Dkt. No. 43. As Nurse Brittany has yet to be served, Plaintiff's motion for default judgment must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint (Dkt. No. 40) is **GRANTED**. The Clerk of Court is directed to detach and e-file the amended complaint (Dkt. No. 40-1).

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 43) is **DENIED**.

5

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, Milwaukee County shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Armor Correctional Health Services and Nurse Brittany pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that Armor Correctional Health Services and Nurse Brittany shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Milwaukee County Jail, as well as to the Milwaukee County Sheriff, and the Milwaukee County Corporation Counsel.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 11th day of May, 2020.

>s/ William C. Griesbach
>William C. Griesbach, District Judge
>United States District Court