UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAVALL T. LEE,

        Plaintiff,

    v.                               Case No. 19-C-614

ARMOR CORRECTIONAL HEALTH
SERVICES, et al.,

        Defendants.

## ORDER GRANTING MOTIONS TO QUASH AND TO STRIKE

      Plaintiff Lavall Lee, who is currently serving a state sentence at Racine Correctional Institution, filed this pro se civil rights suit under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was an inmate at the Milwaukee County Jail as a result of deliberate indifference to his serious medical needs. Depending on whether Lee was a pretrial detainee or was serving a sentence, deliberate indifference to serious medical needs by correctional officers and health care staff can constitute a violation of the Eighth or Fourteenth Amendments. Lee has been allowed to proceed against the County, Armor Correctional Health Services (ACHS), which provided health care to jail inmates at the time in question under a contract with the County, and Brittany Wysocki, an ACHS nurse who was working at the jail. The case is currently before the Court on the County's motions to quash Lee's "Notice of Deposition," which the County has construed as a subpoena, and its motion for a protective order barring Lee from taking further action against the named individuals absent prior approval of the Court. Dkt. No. 117. Also before the Court is the County's motion to strike almost 20 declarations or other documents Lee has filed with the Court. Dkt. No. 118. Both motions will be granted.

**A. Motion to Quash and for Protective Order**

On October 30, 2020, Lee filed a Notice of Deposition "pursuant to Fed. R. Civ. P. 45" in which he requested "written question depositions for three witnesses . . . to attest to Defendant Armor's widespread pattern and practice of falsifying health care records and Defendant Milwaukee County Sheriff's Office not doing spot checks pattern and practice." Dkt. No. 115. The three witnesses were Milwaukee County Chairperson Theodore Lipscomb, Sr., Assistant District Attorney Kurt Benkley, and Investigator Robert Stelter. Lee also sought video footage for various Pods at specified days and times, computerized logs, transaction doors report and telephone archives. *Id.* The notice contains no explanation of how such information might be relevant to the issues in his case.

The County has moved to quash Lee's Notice, noting that it is actually an attempt at filing a subpoena and a request to produce that is invalid on its face and seeks production of information and documents that have no bearing on the case. The County also requests entry of a protective order prohibiting Lee from pursuing further discovery from these individuals absent Court approval, due to Lee's history of improper discovery requests. Lee suggests that to deny him the depositions and production of the requested records would deprive him of his ability to demonstrate Defendants' widespread pattern and practice of falsifying records. Dkt. No. 129.

Lee's notice of deposition is void on its face. It does not comply with at least Federal Rule of Civil Procedure 30(b)(3)(A) (requiring the party serving the notice to state the method for recording testimony and arranging for transcription), Rule 31(a)(3) (requiring the party who wants to depose a person on written questions to serve the questions on every other party), and Rule 45(b)(1) (requiring tendering fees and mileage, along with a copy of the subpoena on each witness). In addition, Lee has offered no explanation as to what information any of the purported

2

witnesses may have that is relevant to his case. None of the purported witnesses are custodians of the videos and records requested, assuming they exist. The County's motion to quash is therefore granted.

The County's request for a protective order barring Lee from seeking to compel additional information or appearances by Lipscomb, Benkley, and Stelter will also be granted, even though the deadline for completion of discovery is due to expire on January 26, 2021. Rule 26 authorizes the entry of such an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Whether by design or not, Lee's efforts to subject persons with no involvement in his case to discovery demands seeking irrelevant information outside the scope of their knowledge has the effect of causing undue burden and expense. If Lee believes these individuals have relevant information, he must first consult with counsel for the County and then, if a dispute remains, he should seek approval from the Court. No response to any discovery demands served on these individuals by Lee is required absent agreement of counsel for the County or direction from the Court.

**B. Motion to Strike**

Lee has made a practice of filing numerous declarations unrelated to any motions or other requested relief. These declarations serve no identifiable purpose except to harass the defendants and add to the docket reading material that has no bearing on any pending motion or request. Since they have no bearing on any pending motion, the defendants have no duty to respond to them, other than in an attempt to "set the record straight." Doing so needlessly takes time and expense and leads to even more clutter. On the other hand, to allow Lee to continually add accusations upon accusations to the docket that require no response from the defendants creates a misleading, confused and prejudicial record.

Rule 12(f) authorizes the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The County has moved to strike the following filings by Plaintiff: Docket Numbers 70, 85, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 106, 107, 108, 109, 110, 111, and 114. These filings are a series of allegations and declarations that are unrelated to any pending motion and are prejudicial to the defendants. For example, Docket Number 70 is a declaration by Lee that the County is in violation of a court order to serve Defendant Nurse Brittany. Docket Number 85 is Lee's statement that John Reid and Cassiday Schade LLP are not representing Defendant Armor. Docket Numbers 89, 90, 91, and 96 are declarations of medical emergencies on April 3, 15, and 16, and October 5, 2018, respectively. Docket Numbers 92, 93, 95, and 97 are declarations about grievances. Docket Number 94 is a declaration about a medical emergency and a grievance. Docket Number 98 is a declaration that Lee could obtain declarations from the individuals listed in the Notice of Deposition (referenced above) to prove that Defendant Armor's employees "engaged in a pattern and practice of intentionally falsifying entries in inmate's [sic] Patient Health Care Records." Docket Number 106 is an assertion that Defendant "Nurse Brittany" is Brittany Ward. Docket Numbers 107, 108, 109, 110, 111, and 114 are declarations that the signatures on some of the grievance forms produced in discovery are fraudulent and/or that the forms have somehow been falsified because they differ from what Lee had in hand.

The Court finds each of the declarations redundant, immaterial, impertinent, or scandalous. When and if the information set forth in the declarations becomes relevant to any motion before the Court, Lee may refile them. But a court's docket is not a Christmas tree on which parties are free to hang whatever ornament they think will improve their case. The docket is the official record of the filings in the case, which include pleadings and specific requests for relief (i.e.,

4

motions), the supporting declarations and briefs needed to show a right to the relief requested, and the Court's decisions and orders disposing of those requests. Cluttering the docket with other filings creates confusion and interferes with the ability of the Court and the parties "to secure the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. The County's motion to strike is therefore granted.

## CONCLUSION

Plaintiff is hereby warned that if he continues to file declarations that are not specifically related to a valid motion or request for relief, or if he files motions or other notices that either ignore the court's prior orders or are designed to harass the defendants, he may face sanctions up to and including dismissal of this action with prejudice.

**IT IS THEREFORE ORDERED** that the County's motion to quash (Dkt. No. 117) is **GRANTED**.

**IT IS FURTHER ORDERED** that the County's request for a protective order as included in their motion to quash is **GRANTED**. Plaintiff is barred from serving any future subpoenas or other discovery requests on Lipscomb, Sr., Benkley, or Stelter in this matter, absent Court approval.

**IT IS FURTHER ORDERED** that the County's motion to strike (Dkt. No. 118) is **GRANTED**. The Clerk is directed to strike filing numbers 70, 85, 89 through 98, 106 through 111, and 114 from the docket.

Dated at Green Bay, Wisconsin this 4th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge